White, J.
delivered the opinion of the court.
This is an action of covenant, commenced in the county court of Grainger. To the declaration three pleas were filed ; upon one of them, issue was joined, to the other two there were demurrers. The case stood several terms without a decision upon the demurrers, and without a trial of the issue—a length, the issue was tried and damages assessed, and afterwards during the same term, the demurrers were argued, sustained and final judgment given in favor of Hall the plaintiff in that court—from this judgment no appeal was taken to the circuit court-Stuart presented a petition to the circuit Judge in vacation, praying writs of Certiorari and supersedeas, to remove the cause to the circuit court, that a new trial might be had. Upon this petition, an order was made, that those writs should issue ; they did issue accordingly, and upon the removal of the transcript into the circuit court, Hall by his counsel moved to set aside the order made for issuing the writs, and that the writs themselves might be dismissed. Upon arguing this motion, it was allowed by the circuit court, and the cause dismissed ; from which decision, the appeal to this court has been taken.
Now the only question is, whether the circuit court erred in this decision.
It is conceived to be the settled practice in this state, when a Certiorari has been prayed for, and allowed in vacation, to permit the adverse party upon the return of it, to move the court for its dismissal ; and if upon such motion, the court can be satisfied it ought not to have issued, they will dismiss. Hence then, the case stood upon the same ground, that it would have stood upon, if the question had been whether an order should be made for the issuing of a certiorari.
According to the laws of this state, when a party is dissatisfied with the decision of his cause in the county court, and wishes a new trial in the circuit court, the ordinary mode to be pursued, is, to pray an appeal to the circuit court, which prayer the county court is bound to allow, if the party gives security and complies with the requisites of the law. If this ordinary remedy is not pursued, and the *180 party unsuccessful in the county court, wishes a trial in the circuit court, he can petition this last mentioned court in term time, or the judge thereof in vacation, to grant, him a certiorari to remove the cause, that he may have this new trial. The certiorari is an extraordinary remedy, and allowable only in extraordinary cases. Hence in every application for a certiorari, the tribunal to which application is made must, according to what is understood to be the settled practice, be satisfied upon these two points ; to wit : that injustice has been done the applicant, and that he offers a reasonable excuse for not having used the ordinary remedy (by appeal) to procure a reinvestigation. The plaintiff’s counsel have referred to 1st Hayw. Rep. 366, 367, for the purpose of proving that there is no necessity for the applicant to show merits. Those two cases seem to establish this position, that, if the applicant has done every thing which he could do in the county court to entitle himself to an appeal, and has been deprived of his appeal, by the conduct of the county court, the conduct of its clerk, or the conduct of the adverse party, he may have a certiorari without any inquiry into the merits of the decision. If we were in this case to change our own practice and adopt that of North Carolina, it could not benefit the plaintiff. He has not shewn that he has done every thing, which he could have done to obtain his appeal. The reason why he did not apply for his appeal, was owing to his absence, and his absence was not occasioned by his adversary, by the court, nor by its clerk. But it is believed the practice on this point, in this state, ought not to be changed. By adhering to it, a reinvestigation is prevented, unless a reasonable presumption is raised, that injustice has been done in the county court, and a reasonable cause assigned why the appeal was not taken, Upon this latter point, it is not necessary that the party should have made, the same exertions which seem to be required by the course of practice in North Carolina. These remarks, necessarily lead us to the examination of the principal points in this case.
First, does the petition shew that the plaintiff has merits ?
In investigating this point, we must distinguish between those statements designed to show, that injustice has been done as to matters of fact, on the trial of the issue, and those statements, which tend to show that the county court erred in point of law.
*181 The opinion entertained, is, that the circuit court ought only to have noticed those parts of the petition, which charged injustice as to matters of fact upon the trial of the issue, because the writ or certiorari cannot be used as a substitute for a writ of error.—If errors in point of law were committed by the county court, they cannot be corrected when the cause is removed by a certiorari. This question is believed to have been decided in several cases in the late Superior Courts, and it is conceived those decisions were correct and ought not to be disturbed. 1st Hay. Rep. 17, 2nd Hay. Rep. 374, were relied upon by the plaintiff's counsel to show, that upon a certiorari errors in point of law can be corrected. These cases do not bear upon the one now under consideration. They were cases of attachment ; and the courts there, decided that, although in cases where the proceedings are according to the caurse of the common law, that the certiorari cannot be substituted for the writ of error : Yet as the proceedings in attachment are as pointed out by statute, and not according to the course of the common law, there, you may use the certiorari. So far are those cases, from conflicting with the rule of law as understood by this court, that they appear to affirm it.
It is readily admitted, that where proceedings have taken place in a court, and not record, and not proceeding according to the course of the common law ; if error intervenes, it can be corrected upon removing the proceedings by certiorari, because a writ of error will not lie ; but in this case, the county court is a court of record and proceeds according to the course of the common law, therefore, a writ of error would lie, and the writ of certiorari designed for extraordinary cases, which the ordinary process would not reach, will not lie. Whether those two cases are law or not, it does not seem material to decide ; because in either event the result will be the same. These remarks exclude from our consideration, every statement in the petition except as it relates to the trial, the damages assessed, by the jury, and the circumstances under which a trial was had. The trial, it is alledged was in the absence of the party, without his witnesses and the damages double what they ought to have been. Upon this statement much hesitation would be felt before the certiorari, would be dismissed, if no other objections existed ; but upon this point or the second one proposed, to wit : whether a sufficient excuse is offered for not ap *182 pealing ; it is not thought necessary to come to any conclusive opinion ; because the decision will rest upon the third and last point; that is the matter disclosed by the defendant to the circuit court.
A record it seems was produced in the circuit court, and is sent here for the sake of showing, that after the decision in the county court, Stewart filed a bill in equity in the circuit court of Cocke county, with a view to be relieved against this same judgment, obtained an injunction thereon, and that, that bill is still pending. As to this record, it is alledged by the plaintiff’s counsel, first, that the circuit court ought not to have looked into it, or have received any evidence except the affidavit of the petitioner.
Again, that if they had a right to notice this record, that Stewart was authorised to file his bill in equity, and afterwards apply for a certiorari ; all that could be done, was, to compel him to elect in which court he would proceed ; and lastly, that he has made that election, by dismissing his suit in equity on the 3rd December, 1811, in the clerks office, and also in open court at January term 1812.
The circuit court, it is believed, done right in receiving this evidence : In deciding upon questions of this kind, it will be recollected that it has been decided in the late superior courts, that the affidavit of the party himself against whom the certiorari is prayed, cannot be received, but that the affidavits of disinterested men may be received in opposition to the statements made in the petition.— These determinations ought not to be disabled ; surely then it was proper to receive a copy of the record.
This record proves, that the plaintiff sought redress in equity against the same judgment—ought he then to be permitted, after reverting to a court of jurisdiction, only in extraordinary cases, to obtain the extraordinary remedy by certiorari likewise ? It is supposed not. He has chosen a course of proceedings in a court of equity for the sake of obtaining redress if he has merits. Why then should he have a certiorari which ought not to be used, except in cases where the party could have no other remedy ? No good reason can be given. Upon filing the bill, he obtained one injunction against all further proceedings at law. This injunction might have continued till the final hearing, if equity had believed it ought to have been done. In trying this *183 question upon principle, let us suppose this injunction (which is collateral to the suit in equity) still in force. Would it not seem strange to permit a party to go into equity, there tie up the hands of his adversary from proceeding at law, and then permit him to come back to law and to have a new trial.
The policy of the law seems opposed to allowing a party a double set of proceedings, upon the same subject matter. If a second suit at law is brought, while the first is pending for the same matter, the party can protect himself by plea. In some cases a court of equity will compel a party who is proceeding there, and also at law, to make his election, in which court he will proceed. If these ideas are correct, is it not equally so, for the circuit court to have refused a certiorari to re-investigate this matter at law, while it was pending in equity ; where the case may be more extensively viewed, and the party have every redress, which, consistent with equity, he ought to have—but it is said, the suit in equity was at an end by the dismissal.
To dismiss a suit in equity, the consent of the court is necessary. This could not be had in vacation. On the first of January 1812, all jurisdiction over this equity cause was taken from the circuit court and vested in the supreme court. At January term, the circuit court, having no jurisdiction in the cause, could not legally do any act respecting it ; therefore, in contemplation of law, the suit is still pending and undetermined in equity ; hence the judgment of the circuit court must be affirmed.